IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| RICHARD H. SEWERYNIAK,           )<br>          Plaintiff,                                       )<br>                                                              )<br>          v.                                                 )<br>                                                              )<br>JEFFERSON B. SESSIONS,           )<br>ATTORNEY GENERAL,                   )<br>DEPARTMENT OF JUSTICE (FBI), )<br>          Defendant.                                  )<br>                                                              ) | Civil Action No.  3:17cv237 (MHL) |

**REPORT & RECOMMENDATION**
**On Defendant's Motion to Dismiss Plaintiff's Complaint**

Richard H. Seweryniak ("Seweryniak") brings this action *pro se* against United States Attorney General Jefferson B. Sessions ("Sessions" or "Defendant") alleging violations of 5 U.S.C. § 2303, the Civil Service Reform Act of 1978, the Administrative Procedure Act of 1946, and 29 C.F.R. § 1614.405.  This matter comes before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) for a Report and Recommendation on Defendant's Motion to Dismiss Plaintiff's Complaint ("Motion to Dismiss") (ECF No. 4) under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (Order, ECF No. 9.)  Having considered Seweryniak's Complaint and the parties' briefs, and for the reasons discussed below, the Court RECOMMENDS that Defendant's Motion to Dismiss be GRANTED.

**I.   BACKGROUND**

As required by Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, the Court accepts as true Seweryniak's well-pleaded allegations and views all facts and draws all reasonable inferences in the light most favorable to him.  *T. G. Slater & Son, Inc. v. Donald P. & Patricia A. Brennan, LLC*, 385 F.3d 836, 841 (4th Cir. 2004) (citing *Mylan Labs, Inc. v. Matkari*,

1

7 F.3d 1130, 1134 (4th Cir. 1993)). Seweryniak alleges few facts to support the claims in his Complaint. However, Defendant attaches a Decision from the United States Equal Employment Opportunity Commission ("EEOC") to its Memorandum in Support of the Motion to Dismiss that supplements the factual background that Seweryniak provided in his Complaint.[1] The Court notes the EEOC Decision is of unquestioned authenticity and accordingly will consider it in its analysis of the Motion to Dismiss. Applying these standards, the facts are construed as follows for the purpose of resolving the Motion to Dismiss.

### A. Relevant Factual Background

The basis for Seweryniak's Complaint arises from his former employment with the Federal Bureau of Investigation ("FBI"). (Compl. at 4 , ECF No. 1). Seweryniak alleges that the FBI subject him to various adverse actions after he "informed the highest ranking official in his FBI field office of actions he believes to be believed was [sic] illegal and in violation of the scope of a search warrant." (*Id.*) Seweryniak claims that, after his report, his supervisors and co-workers subjected him to "documented retaliation" and a hostile work environment. (*Id.*) He further claims that he was "denied promotion and certification, transferred to another office, and subjected to a malicious internal non-criminal investigation which led to the revocation of a job transfer, and revocation of his security clearance, a condition of employment." (*Id.*) Seweryniak states that his supervisors and co-workers held "secretive meetings" and "conspired to have him removed from his position" prior to Seweryniak's annual review in September 2010, and before

---

[1] The Court's analysis at the motion to dismiss stage is typically informed and constrained by the four corners of the Complaint. *CACI Int'l, Inc. v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009). However, when a plaintiff fails to introduce a pertinent document as part of his complaint, the defendant may attach the document to a motion to dismiss the complaint, and the Court may consider the document without converting the motion into a motion for summary judgment as long as the document's authenticity is unquestioned. *Witthohn v. Federal Ins. Co.*, 164 F. App'x 395, 396–97 (4th Cir. 2006) (citing *Gasner v. Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995)).

his two-year probationary period expiration. (*Id.*) The EEOC Decision provides additional details regarding these facts.

As of June 2012, Seweryniak worked as an Information Technology Specialist – Forensic Examiner (ITSFE) in the FBI's Cyber Division facility in Washington, D.C. (Defendant's Mem. in Supp. Mot. Dismiss, Ex. 1, at 2, ECF No. 5-1 (hereinafter "EEOC Decision").) On June 22, 2012, Seweryniak was placed in a non-pay status.[2] (*Id.*) On July 11, 2012, Seweryniak alleged that he informed the Unit Chief of his office that he disagreed with the Supervisory Management and Program Analyst's ("SMPA") decision to deny approval of Seweryniak's "examinations toward certification" after he had been a trainee for nearly three years. (*Id.*) Seweryniak further alleged that he advised the Unit Chief that he intended to file an Equal Employment Opportunity complaint against SMPA for obstructing his certification process. (*Id.*) That same day, the Unit Chief, Acting Supervisor, and one co-worker contacted a Supervisory Special Agent about personal safety concerns stemming from a series of "printouts to an automotive web site" allegedly posted by Seweryniak. (*Id.*) The Supervisory Special Agent reviewed over one thousand of Seweryniak's postings and determined there was no security threat. (*Id.*)

On or around July 20, 2012, two Supervisory Special Agents informed Seweryniak that they were investigating allegations that he misused a government computer, disclosed sensitive information without authorization, and conducted himself unprofessionally outside the workplace. (*Id.*) On July 21, 2012, Seweryniak was suspended from work immediately without pay and informed not to return to work until instructed to do so. (*Id.*) His security badge, credentials, Blackberry, and government-issued laptop were confiscated, and the Security Division issued a

---

[2] The Court cannot discern the reason why Seweryniak was placed in non-pay status from the EEOC Decision or the Complaint. A common sense reading of the chronology in this matter suggests that Seweryniak entered non-pay status on July 22, 2012, a day after he was suspended from work without pay. (EEOC Decision at 2.) Regardless, any factual inaccuracy regarding the non-pay status date is not relevant to the Court's analysis.

3

letter, dated July 19, 2012, advising Seweryniak that his security clearance was suspended. (*Id.*) On or around July 25, 2012, the Acting Chief of the Internal Investigations Section authorized an internal investigation into Seweryniak's actions. (*Id.*)

Seweryniak was scheduled to begin a Computer Scientist position with the FBI on October 1, 2012; he received an offer for this position on or around June 22, 2012. (*Id.*) However, the Computer Scientist position required a top secret security clearance as a condition of employment. Because Seweryniak's security clearance was suspended, on August 22, 2012 the FBI informed him that the job offer had been rescinded based on his "current employment status." (*Id.*) On November 19, 2012, Seweryniak began working at the Washington Field Office after his top secret security clearance was reinstated. (*Id.* at 3.)

### B. Relevant Procedural History

On October 6, 2012, Seweryniak filed an Equal Employment Opportunity complaint with the FBI alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). (*Id.*) On September 24, 2013, after an investigation, the FBI issued a Final Agency Decision pursuant to 29 C.F.R. §1614.110(b) concluding that Seweryniak failed to prove that the FBI subjected him to the alleged discrimination. (*Id.*) As a matter of right, Seweryniak appealed the Final Agency Decision to the EEOC on October 29, 2013. (*Id.* at 1.) The EEOC affirmed the Final Agency Decision on August 25, 2016. (*Id.*) Seweryniak timely filed a Request for Reconsideration with the EEOC and received a Decision on Request for Reconsideration on December 27, 2016. (Plaintiff's Resp. to Mot. Dismiss, at 1, ECF No. 7.) The Decision on Request for Reconsideration specifically provided Seweryniak with ninety (90) days to file a civil action in the United States District Court for the Title VII discrimination alleged within the Equal

Employment Opportunity complaint. (Plaintiff's Resp. to Mot. Dismiss, Ex. 1, at 2, ECF No. 7-1.)

Seweryniak filed his Complaint in this Court on March 27, 2017. On January 16, 2018, Judge Lauck issued an Order referring the Motion to Dismiss to the undersigned for Report and Recommendation. (ECF No. 9.) The Court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J). The motion has been fully briefed and is ripe for review.

## II. LEGAL STANDARD

### A. Motion to Dismiss for Lack of Subject matter Jurisdiction

In a motion to dismiss under Fed. R. Civ. P. 12(b)(1) challenging the Court's subject matter jurisdiction, the burden rests with the plaintiff, as the party asserting jurisdiction, to prove that federal jurisdiction is proper. *See Int'l Longshoremen's Ass'n v. Va. Int'l Terminals, Inc.*, 914 F. Supp. 1335, 1338 (E.D. Va. 1996) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). A motion to dismiss pursuant to Rule 12(b)(1) can attack subject matter jurisdiction in two ways. First, a Rule 12(b)(1) motion may attack the complaint on its face, asserting that the complaint fails to state a claim upon which subject matter jurisdiction can lie. *See Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338; *see also Adams*, 697 F.2d at 1219. In such a challenge, a court assumes the truth of the facts alleged by the plaintiff, thereby functionally affording the plaintiff the same procedural protection he or she would receive under Rule 12(b)(6) consideration. *See Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338; *see also Adams*, 697 F.2d at 1219.

A Rule 12(b)(1) motion may also challenge the existence of subject matter jurisdiction in fact, apart from the pleadings. *See Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338; *see also Adams*, 697 F.2d at 1219. In such a case, because a party challenges the court's "'very power to hear the case,'" the trial court is free to weigh the evidence to determine the existence of jurisdiction. *Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). "[N]o presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *See id.*; *see also Adams*, 697 F.2d at 1219.

If the facts necessary to determine jurisdiction are intertwined with the facts central to the merits of the dispute, the proper course of action is for the Court to find that jurisdiction exists and then to resolve the factual dispute on the merits, unless the claim is made solely for the purpose of obtaining jurisdiction or is determined to be wholly insubstantial and frivolous. *Bell v. Hood*, 327 U.S. 678, 682–83 (1946); *United States v. North Carolina*, 180 F.3d 574, 580 (4th Cir. 1999); *Adams*, 697 F.2d at 1219.

### B. Motion to Dismiss for Failure to State a Claim

"In all civil cases, *pro se* or otherwise, a motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the legal sufficiency of a Complaint." *Mullins v. Wells Fargo Bank, N.A.*, No. 3:16cv841, 2017 WL 1202656 at *3 (Mar. 30, 2017) (citing *Jordan v. Alternative Resources Corp.*, 458 F.3d 332, 338 (4th Cir. 2006)). Courts should assume the veracity of all well-pleaded allegations in the complaint and deny a motion to dismiss where those allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A claim is plausible when the

plaintiff pleads facts sufficient to permit the court to draw a reasonable inference that the defendant is liable for the claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). However, the court should grant a motion to dismiss where the allegations are purely legal conclusions or do not permit a court to infer more than a possibility of misconduct. *Iqbal*, 556 U.S. at 678–79.

While a court must typically construe a *pro se* plaintiff's pleadings liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), it is not required to accept a *pro se* plaintiff's legal conclusions that are presented as factual allegations. *Twombly*, 550 U.S. at 555. A court should also refuse to accept "unwarranted inferences, unreasonable conclusions, or arguments" as facts. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

Fed. R. Civ. P. 15(a)(2) states that "a party may amend its pleading only with the opposing party's written consent or the court's leave. Courts should freely give leave when justice so requires." "[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Djenasevic v. Dep't of Justice*, No. 16-6085, 2016 WL 4120669, at *1 (4th Cir. Aug. 3, 2016) (quoting *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006)); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III. DISCUSSION

In his Complaint, Seweryniak appears to bring four claims against Defendant for violations under: (1) the Whistleblower Protection Act ("WPA"), 5 U.S.C. § 2303; (2) the Civil Service Reform Act of 1978 ("CSRA"), Pub. L. No. 95-454 (codified as scattered sections of Title 5); (3) the Administrative Procedure Act of 1946 ("APA"), 5 U.S.C. § 500 *et seq.*; and (4) EEOC regulation 29 C.F.R. §1614.405. For the reasons stated below, the Court interprets

Seweryniak's EEOC regulation claim as a Title VII retaliation claim. Defendant challenges Seweryniak's WPA, CSRA, and APA claims for lack of subject matter jurisdiction, and his Title VII retaliation claim for failure to state a claim. The Court addresses each claim in turn.

### A. Whistleblower Protection Act

By implicating 5 U.S.C. § 2303, Seweryniak files a claim under the WPA. Generally, federal employees are protected from whistleblowing reprisal under the CSRA. *See* 5 U.S.C. § 2302; *Runkle v. Gonzales*, 391 F. Supp. 2d 210, 231 (D.D.C. 2005). However, FBI employees are exempt from this scheme and subject to a separate whistleblowing provision under 5 U.S.C. § 2303. *See* 5 U.S.C. § 2302(a)(2)(C)(ii)(I); *Runkle*, 391 F. Supp. 2d at 231. Claims under § 2303 are governed by Department of Justice regulations and handled internally by the Department of Justice. *See* 28 C.F.R. pt. 27; *Runkle*, 391 F. Supp. 2d at 232, 233 ("'One fundamental difference' between whistleblowing reprisal remedies available to most federal employees and those set forth by the DOJ for FBI employees is that 'the procedures provided [to FBI employees] are entirely internal to the [DOJ]'") (*quoting* Whistleblower Prot. for FBI Employees, 64 Fed. Reg. 58782, 58783 (Nov. 1, 1999)). This process is not subject to judicial review. *See Runkle*, 391 F. Supp. 2d at 232–33; *Turner v. U.S. Dep't of Justice*, No. 13-376 (DWF/TNL), 2014 WL 4829119, at *6 (D. Minn. Sept. 29, 2014) ("[C]ourts have concluded that decisions about FBI personnel issues, including whistleblower issues, are precluded from judicial review, and instead must proceed through the DOJ-established systems."); *McGrath v. Mukasey*, No. 07 Civ. 11058(SAS), 2008 WL 1781243, at *4 (S.D.N.Y. Apr. 18, 2008). Because there is no judicial review of FBI whistleblower reprisal claims, the Court RECOMMENDS that Seweryniak's WPA claim be DISMISSED for lack of subject matter jurisdiction.

### B. Civil Service Reform Act of 1978

Seweryniak next advances a retaliation claim under the CSRA. The CSRA is Congress's "integrated scheme of administrative and judicial review, designed to balance the legitimate interests of the various categories of federal employees with the needs of sound and efficient administration." *United States v. Fausto*, 484 U.S. 439, 445 (1988). The CSRA categorizes FBI employees in an "excepted service," 28 U.S.C. § 536, and explicitly provides that FBI excepted service employees do not have the right to invoke CSRA procedures related to prohibited personnel practices. *See* 5 U.S.C. § 7511(b)(8); 5 U.S.C. § 2302(a)(2)(C)(ii). Certain FBI employees may be covered by the CSRA if they are "preference eligible," a status based on certain prior military service. 5 U.S.C. § 7511; *id.* at § 7511(a)(1)(B); 5 U.S.C. § 2108(3). However, Seweryniak has not alleged he is preference eligible in his Complaint and thus cannot avail himself of CSRA procedures.

In any event, the CSRA mandates that a claimant exhaust his administrative remedies before filing a civil action. If Seweryniak had the right to invoke CSRA procedures, he would have to first adjudicate his claim with the Merit Systems Protection Board. *See Bennett v. U.S. Sec. & Exch. Comm'n*, 844 F.3d 174, 180 (4th Cir. 2016); *Binder v. United States*, No. 4:02CV21, 2002 WL 32362640, at *4 (E.D. Va. Sept. 27, 2002). Nowhere in the Complaint does Seweryniak demonstrate that he has done so. Even if Seweryniak had exhausted his administrative remedies under the CSRA, judicial review of his CSRA claim is the exclusive jurisdiction of the Court of Appeals for the Federal Circuit, not the district court. 5 U.S.C. §7703(b)(1); *Bennett*, 844 F.3d at 180; *Binder*, 2002 WL 32362640, at *4. Accordingly, the Court RECOMMENDS that Seweryniak's CSRA claim be DISMISSED for lack of subject matter jurisdiction.

### C. Administrative Procedure Act of 1946

Seweryniak also attempts to bring his retaliation claim under the APA. The APA provides that "a person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action . . . is entitled to judicial review thereof." 5 U.S.C. § 702. However, it is well-settled that the comprehensive nature of the CSRA's remedial framework "operate[s] to the exclusion of all other statutory remedies for claims arising out of the federal employment relationship," *Hall v. Clinton*, 235 F.3d 202, 206 (4th Cir. 2000), and precludes judicial review under the APA. *See Bolton v. Colvin*, 674 Fed. App'x 282, 290–91 (4th Cir. 2017); *Mann v. Haigh*, 120 F.3d 34, 38 (4th Cir. 1997). Seweryniak cannot use the APA to bypass his exemption under the CSRA.

That Seweryniak is exempt from the CSRA as a non-preference-eligible FBI employee is of no moment. Courts have repeatedly held that federal employees who have been exempted by Congress from the CSRA are not released from its exclusive remedial framework. *See Fausto*, 484 U.S. at 445 (holding that the CRA prevents non-preference eligible members of the excepted service from seeking judicial review under the Back Pay Act); *Mann*, 120 F.3d at 38 (holding that the CSRA prevents nonappropriated fund instrumentality (NAFI) employees who were not subject to the CSRA from obtaining judicial review of employment decisions under the APA); *Bloch v. Exec. Office of the President*, 164 F. Supp. 3d 841, 852 (E.D. Va. 2016) (the "'deliberate exclusion of employees in [a] service category' indicates a congressional intention that employees within that service category simply should not have administrative or judicial remedies"). To hold otherwise would provide exempt service employees with more safeguards than ordinary civil servants receive under the CSRA. *See Zimbelman v. Savage*, 228 F.3d 367, 371 (4th Cir. 2000).

The CSRA preempts Seweryniak's APA claim. Accordingly, the Court RECOMMENDS that Seweryniak's APA claim be DISMISSED for lack of subject matter jurisdiction.

### D. 29 C.F.R. § 1614.405

Finally, Seweryniak cites 29 C.F.R. § 1614.405 in his Complaint as a basis for federal subject matter jurisdiction. (Compl. at 3.) This EEOC regulation relates to the EEOC's Office of Federal Operations' decisions on appeals; it neither discusses nor creates federal court jurisdiction. *See* 29 C.F.R. § 1614.405. However, the Court construes Seweryniak's Complaint liberally as instructed by *Erickson* for *pro se* litigants.[3] In doing so, and for the sake of judicial efficiency, the Court assumes that Seweryniak is attempting to file a retaliation claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.* in response to the EEOC's final decision on his administrative claim on August 25, 2016.[4] For the reason stated below, Seweryniak fails to properly plead a Title VII retaliation claim.

Title VII provides that it is unlawful for an employer "to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). To establish a prima facie case for Title VII retaliation, the plaintiff must plead that (1) he engaged in a protected activity; (2) his employer took an adverse action against him; and (3) the protected activity was causally connected to the adverse action. *See, e.g., Ziskie v. Mineta*, 547 F.3d 220, 229 (4th Cir. 2008). Title VII protects participating in an ongoing investigation or proceeding

---

[3] The Court is not required to develop statutory claims that a *pro se* litigant fails to raise on the face of the complaint. *See, e.g., Panos v. Dir. of U.S. Patent & Trademark Office*, No. 3:14cv698, 2015 WL 5786826, at *4 (E.D. Va. Sept. 30, 2015).

[4] The CSRA explicitly preserves the protection afforded federal employees by Title VII and other anti-discrimination statutes. *See* 5 U.S.C. § 2302(c). However, to the extent that Seweryniak asserts claims under Title VII, they must be consistent with those raised in his EEOC charge. Any Title VII claims raised in this Court but not in Seweryniak's EEOC charge must be dismissed pursuant to Rule 12(b)(1) for failure to exhaust administrative remedies. *See, e.g., Edwards v. Murphy-Brown, LLC*, 760 F. Supp. 2d 607, 613 (E.D. Va. 2011).

under Title VII or opposing practices prohibited by Title VII. *See* 42 U.S.C. § 2000e-3(a); *Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 259 (4th Cir. 1998). Title VII protected activities include complaints of discrimination based on race, color, religion, sex or national origin. *Landino v. Sapp*, 520 Fed. App'x 195, 198 (4th Cir. 2013). "Title VII does not prohibit retaliation against employees who do not allege unlawful discrimination." *Monk v. Potter*, 723 F. Supp. 2d 860, 880 (E.D. Va. 2010).

Seweryniak alleges that he was subject to retaliation for informing high-ranking officials in his field office of actions he thought were "illegal and in violation of the scope of a search warrant." (Compl. at 4.) Seweryniak's alleged opposition does not implicate employment practices prohibited by Title VII. Accordingly, Seweryniak fails to state a Title VII retaliation claim. The Court RECOMMENDS that Seweryniak's Title VII claim be DISMISSED for failure to state a claim.

### IV. CONCLUSION

Having considered the Complaint and the parties' briefs, and for the reasons discussed herein, the Court RECOMMENDS that Seweryniak's WPA claim, CSRA claim, and APA claim be dismissed for lack of subject matter jurisdiction. The Court also RECOMMENDS that Seweryniak's Title VII claim be dismissed for failure to state a claim.

Accordingly, the Court RECOMMENDS that Defendant's Motion to Dismiss Plaintiff's Complaint be GRANTED and Seweryniak's Complaint be DISMISSED.

The Clerk is directed to file this Report and Recommendation electronically and send a copy to all counsel of record and to the Honorable M. Hannah Lauck, United States District Judge.

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from attacking on appeal those findings and conclusions accepted and adopted by the District Judge except upon the grounds of plain error.

/s/
Roderick C. Young
United States Magistrate Judge

Richmond, Virginia
Date: January 31, 2018