# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Richmond Division

**RICHARD H. SEWERYNIAK,**

    **Plaintiff,**

v.                                                         **Civil Action No. 3:17cv237**

**JEFFERSON B. SESSIONS,**
**ATTORNEY GENERAL,**
**DEPARTMENT OF JUSTICE (FBI),**

    **Defendant.**

## MEMORANDUM ORDER

Plaintiff Richard H. Seweryniak brings this action against United States Attorney General Jefferson B. Sessions, alleging violations of the Whistleblower Protection Act, 5 U.S.C. § 2303, the Civil Service Reform Act of 1978 (the "CSRA"), the Administrative Procedure Act of 1946, and 29 C.F.R. § 1614.405. Sessions moved to dismiss the Complaint (the "Motion to Dismiss"). (ECF No. 4.)

The Court referred the Motion to Dismiss to the Honorable Roderick C. Young, United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B). (ECF No. 9.) Judge Young filed a Report and Recommendation ("R&R") on January 31, 2018. (ECF No. 10.) Judge Young recommended that:

1) The Motion to Dismiss, (ECF No. 4), be granted; and,

2) Seweryniak's Complaint, (ECF No. 1), be dismissed with prejudice.

(R&R 12, ECF No. 10.)

By copy of the R&R, each party was advised of the right to file written objections to the findings and recommendations made by Judge Young within fourteen days after being served with a copy of the R&R. 28 U.S.C. § 636(b)(1); (R&R 13). On February 20, 2018, Seweryniak

filed a "Response to the Report and Recommendation" (the "Objection") objecting to the R&R. (ECF No. 11.) Seweryniak's objections merely restate the facts and claims in his Complaint and broadly argue, without citation to any legal authority, that "the Court does indeed have the subject matter jurisdiction and that Sewerniak does indeed make a valid Title VII claim of recorded reprisals." (Obj. 1, ECF No. 11.) Sessions filed no objections to the R&R, and the time to do so has expired.

The Court has conducted a *de novo* review of the R&R and Seweryniak's objections. Finding no error in the R&R, the Court:

1) ADOPTS the Report and Recommendation IN FULL (ECF No. 10);

2) GRANTS Sessions's Motion to Dismiss, (ECF No. 4); and,

3) DISMISSES WITH PREJUDICE Seweryniak's Complaint, (ECF No. 1).[1]

---

[1] Seweryniak asks this Court to transfer the case to the Court of Appeals for the Federal Circuit. (Obj. 4.) Seweryniak appears to base this request on Judge Young's recommendation that the Court dismiss Seweryniak's CSRA claim for lack of subject matter jurisdiction as "judicial review of his CSRA claim is the exclusive jurisdiction of the Court of Appeals for the Federal Circuit, not the district court." (R&R 9.)

Title 28, U.S.C. § 1631 provides, in relevant part:

> whenever a civil action is filed in a court as defined in section 610 . . . and that court finds that there is a want of jurisdiction, the court shall, *if it is in the interest of justice*, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed . . . .

28 U.S.C. § 1631 (emphasis added).

As the R&R correctly determined, Seweryniak's CSRA claim lacks merit because he has failed to demonstrate that he has exhausted his administrative remedies—a threshold requirement of bringing a civil action under the CSRA. Accordingly, it is not in the interest of justice to transfer the case.

To the extent Seweryniak believes that he has grounds to appeal this decision, written notice of appeal must be filed with the Clerk of Court within thirty (30) days of the entry of this Order.[2] Failure to file an appeal within that period may result in the loss of the right to appeal.

Let the Clerk send a copy of this Memorandum Order to all counsel of record and to Seweryniak at his address of record.

It is so ORDERED.

/s/
M. Hannah Lauck
United States District Judge

Date: 3/8/18
Richmond, Virginia

---

[2] *See* Fed. R. App. P. 4(a)(1)(A).

3